IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL -5 A 10: 30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHNNY W. SASSER,<br><br>Plaintiff,<br><br>vs.<br><br>RYDER TRUCK RENTAL, INC., d/b/a RYDER DEDICATED LOGISTICS, INC., a/k/a RYDER INTEGRATED LOGISTICS, INC., RYDER SERVICES CORPORATION and MARTYE LLOYD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:06cv593<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, et seq., Defendants designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc.[1], and Martye Lloyd, file this Notice of Removal hereby removing the above-styled action to the United States District Court for the Middle District of Alabama, Northern Division, and respectfully submit to the Court the following:

1. This action was commenced in the Circuit Court for Barbour County, Alabama on or about May 24, 2006, and is currently pending in said Court as Civil Action Number CV-06-37. A copy of the Complaint was received by Defendants Ryder Truck Rental, Inc, d/b/a Ryder

---

[1]This defendant is improperly designated and is actually two (2) separate entities. Ryder Truck Rental, Inc., is one entity, and Ryder Dedicated Logistics, Inc., changed its name to Ryder Integrated Logistics, Inc., in 1996, is another entity.

Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd on or about June 5, 2006. Defendant Ryder Services Corporation has not yet been served with a copy of the summons and complaint, but Ryder Services Corporation has consented to the filing of this notice of removal. (A copy of the State Court Complaint is attached as **Exhibit "A"** to this notice of removal).

2. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes. Defendants have filed no pleadings or papers in this action in the state court, other than a notice of filing of notice of removal, and the time in which Defendants are required by State Laws or Rules of Court to answer or plead to Plaintiffs' complaint has not expired. No other process, pleading, or order has been served on Defendants.

3. This action is removable pursuant to 28 U.S.C. § 1441(a). This Court has original jurisdiction of the action and there is diversity of citizenship as required by 28 U.S.C. § 1332 (a) as follows:

   a. Plaintiff Johnny Sasser is an individual resident citizen of the State of Alabama.

   b. Defendant designated as Ryder Truck Rental, Inc., is a corporation that was incorporated in the State of Florida and has its principal place of business in Miami, Florida.

   c. Defendant designated as "Ryder Truck Rental, Inc., d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc.", is improperly named. The correct designation of this defendant is actually Ryder Integrated Logistics, Inc., which is a corporation that was incorporated in the State of Delaware and has its principal place of business in Miami, Florida.

    d.    Defendant designated as Ryder Services Corporation, is a corporation that was incorporated in the State of Florida and has its principal place of business in Miami, Florida.

    e.    Defendant designated as Martye Lloyd is an individual resident citizen of the State of Georgia.

    f.    The residence of defendants named fictitiously is disregarded for purposes of determining diversity of citizenship. See 28 U.S.C. § 1441(a).

4.    As to the amount in controversy requirement of 28 U.S.C. § 1332 (a), Plaintiff's Complaint is "indeterminate" because the Complaint does not set forth the exact amount of damages claimed, just that damages <u>exceed</u> $10,000.00. (**Exhibit "A"**, p. 1 ¶ 1).

5.    "An indeterminate complaint does not show that the case is not removable. It simply does not comment on federal jurisdiction." <u>Robinson v. Quality Ins. Co.</u>, 633 F. Supp. 572, 574 (S.D. Ala. 1986). Thus, the Court has the "duty to independently determine the propriety of jurisdiction." <u>Id.</u> at 575. Moreover, "where a plaintiff has made an unspecified demand for damages, a lower burden of proof [as to the amount in controversy] is warranted because there is simply no estimate of damages to which a court may defer." <u>Fuller v. Exxon Corp.</u>, 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999).

6.    Here, a fair reading of the Complaint reveals that plaintiff is seeking in excess of $75,000.000. First, plaintiff alleges that Defendants are liable for both outrageous and negligent conduct. (**Exhibit "A"**, pp. 2-3 ¶¶ 9-16, p. 4 ¶¶ 23-25). Second, plaintiff alleges that defendant's actions *"have caused Plaintiff to suffer severe and extreme emotional distress that no reasonable person should be expected to endure. He has been caused to suffer undue physical pain and*

*suffering by having his medical treatment and medication arbitrarily and outrageously discontinued.*" (**Exhibit "A"**, p. 3 ¶ 16, p. 4 ¶ 22, p. 5 ¶ 32) (emphasis supplied). Third, plaintiff seeks a judgment against multiple defendants for both compensatory and punitive damages. (**Exhibit "A"**, pp. 3-4). Allegations of punitive damages are considered by a Federal Court in evaluating the amount in controversy requirement where such damages are recoverable under a particular legal theory. See supra Fuller, 78 F.Supp.2d at 1295-96. Here, punitive damages are recoverable for the claim of Outrage under Alabama law. See Busby v. Truswal Sys. Corp., 551 So. 2d 322, 329 (Ala. 1989) (noting that "[t]he tort of outrage carries punitive damages ..."). Finally, while defendants deny any liability in this matter, prior Alabama jury verdicts where defendants were accused of outrageous claims handling demonstrate that the amount in controversy has been met. See also Travelers Indemnity Co. of Illinois v. Griner, 809 So. 2d 808, 810 (Ala. 2001) (jury verdict for $300,000.00 in compensatory damages and $200,000.00 in punitive damages where outrageous conduct claims were submitted to the jury against an insurance company and a workers' compensation claims administrator); Continental Cas. Ins. Co. v. McDonald, 567 So. 2d 1208 (Ala. 1990) (jury awarded plaintiff $750,000.00 in an outrage case against a workers' compensation insurance carrier).

      7.    As set out above, diversity of citizenship exists between the parties to this cause, Defendants are not citizens of the forum state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441, as amended, this action is properly removed to this Court.

      8.    Pursuant to 28 U.S.C. § 1446(d), Defendants have caused a copy of this Notice of Removal to be filed with the clerk of the state court from which this cause was removed.

Respectfully Submitted,

_____
William A. Austill (Fed ID: 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)
Conley W. Knott (Fed ID: 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)
Attorneys for Ryder Truck Rental, Inc, Ryder Integrated Logistics, Inc., and Martye Lloyd

**OF COUNSEL**:
AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone:    (205) 870-3767
Facsimile:    (205) 870-3768

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this 30TH day of June, 2006 to:

Amy H. Shumate
519 South Oates Street
Dothan, Alabama 36301

_____
OF COUNSEL