# Exhibit "A"

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| JOHNNY W. SASSER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO.: CV- |
| ) | |
| RYDER TRUCK RENTAL, INC., d/b/a ) | |
| RYDER DEDICATED LOGISTICS ) | |
| INC., a/k/a RYDER INTEGRATED ) | |
| LOGISTICS, INC., RYDER SERVICES ) | |
| CORPORATION and MARTYE LLOYD, ) | |
| and FICTITIOUS PARTIES X, Y AND Z, ) | |
| Individual and/or entities whose identities ) | |
| are unknown at this time and whose names ) | |
| will be substituted when their identities ) | |
| become known to the Plaintiff, ) | |
| ) | |
| DEFENDANTS. ) | |

FILED MAY 24 2006
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

## COMPLAINT

Plaintiff states as follows:

### JURISDICTION

1. The matter in controversy exceeds, exclusive of costs, TEN THOUSAND DOLLARS and NO/100ths ($10,000.00).

2. Plaintiff, Johnny Sasser is over the age of nineteen years and is a citizen of Dale County, Alabama.

3. Defendant, Ryder Truck Tental, Inc, d/b/a Ryder Dedicated Logistics, Inc., is a Delaware corporation qualified to conduct business in the State of Alabama, and was in fact, doing business in Barbour County, Alabama at all times material to this suit.

4. Defendant Ryder Services Corporation is a Florida corporation who administrated the self-insured worker's compensation claims for Defendant Ryder Truck Rental, at all times

material to this action.

5. The action made the basis of this action began when the Defendant Ryder Services Corporation was to administer the continuing future medical treatment of the Plaintiff as ordered by the Circuit Court of Barbour County in case number CV-97-01.

6. Defendant Martye Lloyd is the individual who was the Senior Claims Representative for Ryder Services Corporation who was the adjuster for the Plaintiff's continuing future medical treatment as ordered above. She is a resident of the State of Georgia.

7. The action which is the basis of this suit began when Defendant Lloyd discontinued future medical treatment for the Plaintiff beginning June 17, 2004 and has continued to this date.

8. Defendants X, Y and Z are those individuals, corporations, firms, partnerships and/or entities whose identities are unknown to the Plaintiff at this time who were responsible for the payment, approval and/or administration of the future medical treatment of the Plaintiff pursuant to the court Order in CV-97-01.

## COUNT ONE

## TORT OF OUTRAGE

9. The Plaintiff realleges and adopts paragraphs 1-8 as if fully set forth herein.

10. The parties were before this Court in February 1998 for a settlement on the Plaintiff's Worker's Compensation Case against the Defendant, Ryder Truck Rental, Inc. According to the Settlement Petition and the Order approving Worker's Compensation Settlement, Defendant Ryder Truck Rental was responsible for "reasonable necessary medical expenses incurred by the Plaintiff in the future to the extent and in the manner required by Section 25-5-77, Code of Alabama 1975, as amended."

11. The Defendant, Ryder Services Corporation, as administrator of the self-insured

worker's compensation fund for Defendant Ryder Truck Rental, was responsible for the payment, approval and administration of the future medical treatment for the Plaintiff.

12.     The Defendant, Martye Lloyd, is the employee of Ryder Services Corporation who was the adjuster on the Plaintiff's worker's compensation case.

13.     The Defendants, Ryder Truck Rental, Ryder Services Corporation, and/or Martye Lloyd have willfully, maliciously and unreasonably refused to authorize the Plaintiff's continued medical treatment, including pain management treatment.

14.     The actions of the defendants in refusing to authorize and pay for the Plaintiff's treatment were extreme, outrageous, intentional and/or reckless and were calculated to cause the Plaintiff harm.

15.     Defendant Lloyd and/or Ryder Truck Rental and Ryder Services Corporation initiated a plan or scheme designed to terminate the Plaintiff's future medical treatment under the court's worker's compensation Order, and did in fact discontinue his treatment as set forth above.

16.     The above actions of the Defendants have caused the Plaintiff to suffer severe and extreme emotional distress that no reasonable person should be expected to endure.  He has been caused to suffer undue physical pain and suffering by having his medical treatment and medication arbitrarily and outrageously discontinued.

WHEREFORE, Plaintiff demands judgment against the defendants for compensatory and punitive damages, both jointly and severally.

## COUNT TWO

## RESPONDIATE SUPERIOR

17.     Plaintiff realleges and adopts paragraphs 1-16 above as if fully set out herein.

18. At all times material to this action, Defendant Lloyd was an employee of Defendant Ryder Services Corporation.

19. Defendant Lloyd was acting in the line and scope of her employment and duties at Ryder Services Corporation in committing the above actions.

20. Defendant Ryder Services Corporation condoned and/or ratified the actions of Defendant Lloyd.

21. Defendant Ryder Services Corporation is thus responsible for the actions of Defendant Lloyd and liable for the damages caused to the Plaintiff under the theory of *respondeat superior*.

22. As a proximate result of the actions of Defendant Lloyd, the Plaintiff was caused to suffer severe and extreme emotional distress that no reasonable person should be expected to endure. He has been caused to suffer undue physical pain and suffering by having his medical treatment and medication arbitrarily and outrageously discontinued.

## COUNT THREE

## NEGLIGENT SUPERVISION

23. Plaintiff realleges and adopts paragraphs 1-22 above as if fully set out herein.

24. Plaintiff avers that the Defendant Ryder Services Corporation negligently and/or wantonly failed to hire, train and supervise its employees.

25. Said negligent and/or wanton failure to hire, train and supervise was a proximate and direct cause of Plaintiff's injuries and damages as described above.

WHEREFORE, Plaintiffs demand judgment against the defendants for compensatory and punitive damages.

## COUNT FOUR

26. Plaintiff realleges and adopts paragraphs 1-25 above as if fully set out herein.

27. The Defendants X, Y and/or Z were responsible for the payment, approval and administration of the future medical treatment for the Plaintiff.

28. The Defendants X, Y and/or Z are the employees of Ryder Truck Rental, Inc. and/or Ryder Services Corporation.

29. The Defendants, X, Y and/or Z willfully, maliciously and unreasonably refused to authorize the Plaintiff's continued medical treatment, including pain management treatment.

30. The actions of the Defendants X, Y and/or Z in refusing to authorize and pay for the Plaintiff's treatment were extreme, outrageous, intentional and/or reckless and were calculated to cause the Plaintiff harm.

31. Defendants X, Y and/or Z initiated a plan or scheme designed to terminate the Plaintiff's future medical treatment under the court's worker's compensation Order, and did in fact discontinue his treatment as set forth above.

32. The above actions of the Defendants X, Y and/or Z have caused the Plaintiff to suffer severe and extreme emotional distress that no reasonable person should be expected to endure. He has been caused to suffer undue physical pain and suffering by having his medical treatment and medication arbitrarily and outrageously discontinued.

WHEREFORE, Plaintiff demands judgment against the defendants for compensatory and punitive damages, both jointly and severally.

Respectfully submitted this ____ day of May, 2006

_____
Amy M. Shumate (SHU015)
Attorney for Plaintiff

519 South Oates Street
Dothan, Alabama 36301
(334) 673-0729

## JURY DEMAND

Plaintiff demands a trial by a struck jury.

_____
Amy M. Shumate (SHU015)

**SERVE DEFENDANTS AT:**

Ryder Integrated Logistics, Inc.
c/o registered agent CSC- Lawyers Incorporating Service
150 South Perry Street
Montgomery, AL 36104

Ryder Services Corporation
c/o registered agent Robert D. Fatovic
11690 NW 105th Street
Miami, FL 33178

Martye Lloyd
5900 Windward Parkway
Suite 210
Alpharetta, GA 30005