IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL -5 A 10: 30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHNNY W. SASSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL ACTION NO. 2:06cv593 |
| RYDER TRUCK RENTAL, INC., d/b/a | ) |
| RYDER DEDICATED LOGISTICS, | ) |
| INC., a/k/a RYDER INTEGRATED | ) |
| LOGISTICS, INC., RYDER | ) |
| SERVICES CORPORATION and | ) |
| MARTYE LLOYD, | ) |
| | ) |
| Defendants. | |

## ANSWER

Comes Now Defendants improperly designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc.[1], and Martye Lloyd, and file this their Answer to Plaintiff's Complaint as follows:

### JURISDICTION

1. In response to paragraph 1 of plaintiff's complaint, defendants admit that plaintiff seeks in excess of $10,000.00 in this case, but deny that plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

---

[1] This defendant is improperly designated and is actually two (2) separate entities. Ryder Truck Rental, Inc., is one entity, and Ryder Dedicated Logistics, Inc., changed its name to Ryder Integrated Logistics, Inc., in 1996, is another entity.

2. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny same.

3. In response to paragraph 3 of plaintiff's Complaint, Defendants admit that the defendant designated as Ryder Truck Rental, Inc., is a corporation that was incorporated in the State of Florida and has its principal place of business in Miami, Florida. The Defendant improperly designated as Ryder Dedicated Logistics, Inc., changed its name to Ryder Integrated Logistics, Inc., in 1996. Ryder Integrated Logistics, Inc., is a corporation that was incorporated in the State of Delaware and has its principal place of business in Miami, Florida. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. In response to paragraph 4 of plaintiff's Complaint, Defendants admit that Ryder Services Corporation, is a corporation that was incorporated in the State of Florida and has its principal place of business in Miami, Florida, and that Ryder Services Corporation administered worker's compensation claims for Ryder Truck Rental, Inc.

5. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, deny same.

6. In response to paragraph 6 of plaintiff's Complaint, Defendants admit that Martye Lloyd is a resident of Georgia and that she is the individual who adjusted plaintiff's claims for continuing future medical benefits. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, deny same.

8. In response to paragraph 8 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken.

## COUNT ONE

## TORT OF OUTRAGE

9. In response to paragraph 9 of the Complaint, Defendants adopt and incorporate paragraphs 1 through 8 of this Answer.

10. In response to paragraph 10 of the Complaint, Defendants state that any Orders issued by the Court in the underlying workers' compensation case speak for themselves. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and, therefore, deny same.

11. In response to paragraph 11 of the Complaint, Defendants admit that Ryder Services Corporation administered worker's compensation claims for Ryder Truck Rental, Inc., and that any Orders issued by the Court in the underlying workers' compensation case speak for themselves. The defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and, therefore, deny same.

12. The Defendants admit the allegations of paragraph 12 of the Complaint.

13. The Defendants deny the allegations of paragraph 13 of the Complaint.

14. The Defendants deny the allegations of paragraph 14 of the Complaint.

15. The Defendants deny the allegations of paragraph 15 of the Complaint.

16. The Defendants deny the allegations of paragraph 16 of the Complaint.

With regard to the unnumbered paragraph following paragraph 16 of the complaint, the defendants deny that Plaintiff is entitled to the relief sought therein, either legally or factually, or to

any relief whatsoever.

## COUNT TWO

## RESPONDIATE SUPERIOR

17.  In response to paragraph 17 of the Complaint, Defendants adopt and incorporate paragraphs 1 through 16 of this Answer.

18.  The Defendants admit the allegations of paragraph 18 of the Complaint.

19.  In response to paragraph 19 of the Complaint, Defendants admit that Martye Lloyd acted within the line and scope of her employment and duties at Ryder Services Corporation, but deny the portion of paragraph 19 which states "in committing the above actions."

20.  In response to paragraph 20 of the Complaint, Defendants deny that the actions of Defendant Lloyd were in any way wrongful. Accordingly, defendants deny that Ryder Services Corporation could have condoned and/or ratified wrongful conduct that never occurred.

21.  In response to paragraph 21 of the Complaint, Defendants deny that the actions of Defendant Lloyd were in any way wrongful. Accordingly, Defendants deny that Ryder Services Corporation is liable to the Plaintiff under a *respondeat superior* theory because a principal cannot be liable unless the agent is also liable under such a theory.

22.  The Defendants deny the allegations of paragraph 22 of the Complaint.

With regard to the unnumbered paragraph following paragraph 22 of the complaint, the defendants deny that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## COUNT THREE

## NEGLIGENT SUPERVISION

23. In response to paragraph 23 of the Complaint, Defendants adopt and incorporate paragraphs 1 through 22 of this Answer.

24. The Defendants deny the allegations of paragraph 24 of the Complaint.

25. The Defendants deny the allegations of paragraph 25 of the Complaint.

With regard to the unnumbered paragraph following paragraph 25 of the complaint, the defendants deny that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## COUNT FOUR

26. In response to paragraph 26 of the Complaint, Defendants adopt and incorporate paragraphs 1 through 25 of this Answer.

27. In response to paragraph 27 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken. To the extent that paragraph 27 makes any allegations against the defendants those allegations are denied.

28. In response to paragraph 28 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken. To the extent that paragraph 28 makes any allegations against the defendants those allegations are denied.

29. In response to paragraph 29 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken. To the extent that paragraph 29 makes any allegations against the defendants those allegations are denied.

30.     In response to paragraph 30 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken. To the extent that paragraph 30 makes any allegations against the defendants those allegations are denied.

31.     In response to paragraph 31 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken. To the extent that paragraph 31 makes any allegations against the defendants those allegations are denied.

32.     In response to paragraph 32 of plaintiff's Complaint, defendants state that there is no Fictitious party practice in Federal Court and these allegations are due to be stricken. To the extent that paragraph 32 makes any allegations against the defendants those allegations are denied.

With regard to the unnumbered paragraph following paragraph 32 of the complaint, the defendants deny that Plaintiff is entitled to the relief sought therein, either legally or factually, or to any relief whatsoever.

## FIRST DEFENSE

Defendants preserve all defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including but not limited, to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) improper venue; (d) insufficiency of process; (e) insufficiency of service of process; (f) failure to state a claim upon which relief can be granted; and (g) failure to join a party under Rule 19.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

One or more of the doctrines of accord and satisfaction, estoppel, laches, payment, release, estoppel, ratification, acquiescence, unclean hands and/or waiver bar plaintiff's claims.

## FOURTH DEFENSE

The doctrines of res judicata and collateral estoppel bar plaintiff's claims.

## FIFTH DEFENSE

Defendants owe no legal duty to plaintiff.

## SIXTH DEFENSE

Defendants did not breach a duty to plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the exclusivity provision of the Alabama Workers' Compensation Act, section 25-5-52 (1975).

## EIGHTH DEFENSE

Plaintiff's claims are barred by the settlement of the underlying Workers' Compensation lawsuit.

## NINTH DEFENSE

Plaintiff's claims in this action are barred by application of Ala. Code § 6-5-440 (1975).

## TENTH DEFENSE

Defendants deny that the plaintiff can support any of his claims against defendants with clear and convincing evidence as required by Alabama law.

## ELEVENTH DEFENSE

Defendants did not intend to inflict emotional distress upon Plaintiff.

## TWELFTH DEFENSE

Defendants did not know, and should not have known, that Plaintiff would suffer emotional distress as a result of Defendants' conduct.

## THIRTEENTH DEFENSE

Defendants did not engage in extreme or outrageous conduct.

## FOURTEENTH DEFENSE

Defendants' conduct did not cause emotional distress so severe that no reasonable person could be expected to endure.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Defendants deny that any employee of Ryder Services Corporation was unfit or incompetent, which is an absolute defense to the claims for negligent and/or wanton supervision.

## SEVENTEENTH DEFENSE

Defendants' acts or omissions did not proximately cause or contribute to injuries allegedly suffered by Plaintiff.

## EIGHTEENTH DEFENSE

If plaintiff sustained any injuries or incurred any damages, said injuries or damages were caused, in whole or in part, by the acts or omissions of persons other than Defendants over whom Defendants had no control.

### NINETEENTH DEFENSE

Plaintiff neither suffered injuries of the nature complained of, nor in the amount complained of and, therefore, Defendants contest damages.

### TWENTIETH DEFENSE

Plaintiff failed to mitigate any damages he may have suffered.

### TWENTY-FIRST DEFENSE

Defendants have committed no acts or omissions which would warrant the imposition of punitive damages against them.

### TWENTY-SECOND DEFENSE

Section 6-11-20 of the Code of Alabama limits Plaintiff's claim for punitive damages.

### TWENTY-THIRD DEFENSE

Section 6-11-21 of the Code of Alabama limits any and all of Plaintiff's claim for punitive damages.

### TWENTY-FOURTH DEFENSE

An award of punitive damages, if any, is limited in accordance with the decision of the United States Supreme Court in the case of <u>State Farm Automobile Insurance Company v. Campbell</u>, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

### TWENTY-FIFTH DEFENSE

Defendants reserve the right to amend and/or supplement this Answer and to assert additional affirmative defenses until discovery has been completed in this case.

## **CONSTITUTIONAL DEFENSES**

1. The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c. The procedure pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   e. The procedure pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar

conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

  2. Plaintiff's attempt to impose punitive or extra contractual damages on Defendants, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

  3. The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

  4. The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

  a. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants;

  c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  d. The procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the amount of the award of punitive damages; and,

   e.   The award of punitive damages in this case constitutes a deprivation of property without due process of law.

5. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

6. The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

7. The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

8. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

9. The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

10. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States constitution because Alabama

post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

11. The imposition of punitive damages in this case based upon evidence of defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

12. The imposition of punitive damages in this case based on the out-of-state and financial status of defendants would violate Commerce Clause, the equal protection guarantee, and the Privileges and Immunities Clause of the United States Constitution.

13. The imposition of punitive damages in this case in the absence of a showing of a malicious intent to cause harm to the plaintiff would violate the Due Process Clause of the Fifth Amendment of the United States Constitution.

14. The imposition of punitive damages against these defendants in this case pursuant to Alabama law to punish defendants for conduct that occurred outside of Alabama would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

Respectfully Submitted,

_____
William A. Austill (Fed ID: 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)
Conley W. Knott (Fed ID: 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)
Attorneys for Ryder Truck Rental, Inc, Ryder Integrated Logistics, Inc., and Martye Lloyd

**OF COUNSEL**:
AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone: (205) 870-3767
Facsimile: (205) 870-3768

**DEFENDANTS DEMAND TRIAL BY STRUCK JURY**

_____
William A. Austill (Fed ID: 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)
Conley W. Knott (Fed ID: 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)
Attorneys for Ryder Truck Rental, Inc, Ryder
Integrated Logistics, Inc., and Martye Lloyd

**OF COUNSEL**:
AUSTILL, LEWIS & SIMMS, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927
Telephone: (205) 870-3767
Facsimile: (205) 870-3768

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this 30th day of June, 2006 to:

Amy H. Shumate
519 South Oates Street
Dothan, Alabama 36301

Troy King, Esq.
Attorney General of Alabama
Attorney General's Office
11 South Union Street
Montgomery, Alabama 36130-2105

_____
OF COUNSEL