EXHIBIT "2"

IN THE CIRCUIT COURT OF BARBOUR COUNTY

STATE OF ALABAMA

| | |
|---|---|
| JOHNNY W. SASSER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RYDER TRUCK RENTAL, INC., d/b/a )<br>RYDER DEDICATED LOGISTICS, )<br>INC., et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 97-01 |

## WORKERS' COMPENSATION
## SETTLEMENT PETITION AND AGREEMENT

The parties hereto being the only parties interested in the above entitled matter, hereby petition the Court for approval of the following agreement and compromise settlement, and agree and represent unto the Court as follows:

1. That on or about the 8th day of September, 1995, Johnny W. Sasser, social security number 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, was an employee of defendant, Ryder Dedicated Logistics, Inc., now known as Ryder Integrated Logistics, Inc., and was engaged in the business of his employment; that said parties were subject to the provisions of the Workers' Compensation Law of the State of Alabama; that defendant was self-insured; and, that Ryder Claims Services Corporation is the claims administrator for the defendant.

2. That plaintiff alleges that on said date, time, and place, he sustained an injury by accident to his back which arose out of and in the course of his employment; and, that as a proximate result of said accident, he sustained disability.

3. That plaintiff was treated conservatively without surgery by Dr. Keith Granger,



M.D., Dr. Huge MacGuire, M.D., and Dr. Robert F. Allen, M.D. for back pain and degenerative disk disease. Plaintiff has has not returned to his previous employment. (See medical records attached as "Exhibit A").

4. That said plaintiff earned average weekly wages of approximately $816.80 for the 52-week period immediately preceding said injury.

5. That no temporary total disability benefits have been paid to plaintiff by defendant.

6. That no medical expenses have been paid as of this date by defendant.

7. That a dispute exists between plaintiff and defendant as to whether any workers' compensation benefits are payable, and if benefits are payable, a dispute nevertheless exists as to the degree or extent of any permanent disability which now exists or may in the future exist as the result of plaintiff's alleged injury.

8. That in order to amicably settle said dispute, plaintiff and defendant submit themselves to the jurisdiction of this Court, and this petition is the written consent of plaintiff and defendant to this Court and any Judge thereof, to approve the settlement agreed upon between plaintiff and defendant pursuant to Section 25-5-56, *Code of Alabama 1975*, as amended.

9. That plaintiff desires and requests, and defendant agrees to pay plaintiff, the sum of $7,000.00 in one lump sum. Plaintiff acknowledges that defendant is not obligated to make a lump sum payment as provided for herein, and that plaintiff has agreed to compromise the disputed claim in order to induce defendant to pay plaintiff in one lump sum.

2

10. That plaintiff agrees to accept said sum in full and final settlement, compromise, release and satisfaction of any and all claims plaintiff has or may have against defendant arising out of the alleged accident and injury under the Alabama Workers' Compensation Law, including, but not limited to, all present and future claims for physical impairment, vocational disability, disability compensation, vocational rehabilitation services, and including claims for reconsideration of any permanent partial disability rating under Section 25-5-57(a)(3)i, *Code of Alabama 1975*, but excluding all claims for future medical expenses as provided in paragraph eleven herein. Plaintiff further acknowledges that his employment with defendant is voluntarily terminated and agrees to accept said sum in full and final settlement, compromise, release, and satisfaction of all other claims of any nature that plaintiff has or may have arising out of his employment with defendant, including, but not limited to, all claims for retaliatory discharge; all claims for unemployment compensation; all claims for discrimination of any kind under any law, regulation, or executive order; and all claims under the Americans With Disabilities Act.

11. That defendant also agrees to be responsible for reasonably necessary medical expenses incurred by plaintiff in the future as a proximate result of the alleged accident and injury to the extent and in the manner required by Section 25-5-77, *Code of Alabama 1975*, as amended. Defendant shall not be responsible for payment of any future medical care for plaintiff unless authorization for such medical care is obtained in advance from defendant or its claims administrator.

12. That plaintiff acknowledges that defendant is subrogated as provided under Section 25-5-11, *Code of Alabama 1975*, as amended, to any recovery either by settlement

3

or judgment which plaintiff may receive or recover from any third party for the injury to plaintiff, and agrees to protect said subrogation interest.

13. That it is hereby agreed that a judgment be entered in favor of plaintiff and against defendant in the amount of $7,000.00.

14. That plaintiff acknowledges that he has agreed to pay to his attorneys, William H. Robertson and G. Thomas Jackson, an amount equal to 15% of $7,000.00, to-wit: $1,050.00, as a reasonable attorney fee in accordance with Section 25-5-90, *Code of Alabama 1975*, as amended.

15. That this settlement is substantially in accordance with the Workers' Compensation Law of the State of Alabama, as amended, and when the payment provided for in paragraph nine hereof has been made, defendant, Ryder Dedicated Logistics, Inc., now known as Ryder Integrated Logistics, Inc., shall be and hereby is released from all claims, except future medical expenses, on account of said accident and injury under said Law or otherwise.

DATED this 16th day of February, 1998.

_____
JOHNNY W. SASSER
Plaintiff

_____
G. THOMAS JACKSON
Attorney for Plaintiff

4

RYDER INTEGRATED LOGISTICS, INC.
Defendant

By /s/ Joseph T. Carpenter
JOSEPH T. CARPENTER
As Its Attorney


STATE OF ALABAMA )
)
COUNTY OF Barbour )

On this the 16th day of February, 1998, before me, a Notary Public in and for said State and County, personally appeared Johnny W. Sasser, to me known to be the identical person described in and who executed the foregoing instrument as plaintiff and acknowledged that the same is true; and that after reading the same or having the same read to him, and with a full understanding of the terms and effect thereof, he executed the same as his free act and deed and for the uses and purposes therein expressed.

/s/ Dawn O. Robertson
NOTARY PUBLIC

My Commission Expires: 7/15/2000

kt5166

5