# EXHIBIT "6"

IN THE CIRCUIT COURT FOR BARBOUR COUNTY

CLAYTON DIVISION

STATE OF ALABAMA

| | | |
|---|---|---|
| JOHNNY W. SASSER, | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO. CV-97-01.01 |
| RYDER TRUCK RENTAL, INC., d/b/a RYDER DEDICATED LOGISTICS, INC., et al., | * | |
| Defendants. | * | |

## FINDINGS OF FACT AND JUDGMENT

FILED APR 11 2000
DAVID S. NIX, CLERK
BARBOUR CO., ALABAMA

This matter came before the Court on Plaintiff's Motion to Approve Attorney Expenses and Defendant's Motion to Alter, Vacate or amend the Order of this Court dated February 3, 2000. These matters were heard in open Court on March 14, 2000. The Court has read and considered the pleadings of the parties, certain stipulations of the parties, testimonial and documentary evidence adduced in open Court, and the entire record in this cause, from all of which the Court finds as follows:

### FINDINGS OF FACT

1. Plaintiff sustained a back injury as a result of an accident which occurred on or about September 8, 1995 and which arose out of and in the course of plaintiff's employment with defendant.

1

2. Plaintiff filed a claim against defendant for worker's compensation benefits and subsequently entered into a Settlement Agreement with defendant which settlement was approved by Order of this Court dated February 19, 1998.

3. Paragraph three of the Order approving said settlement provides as follows: "That defendant shall also be responsible for reasonably necessary medical expenses incurred by plaintiff in the future to the extent and in the manner required by Section 25-5-77, *Code of Alabama 1975*, as amended."

4. Defendant's dispute of its responsibility for certain medical bills was in good faith and defendant is not found in contempt of Court for failing to pay said bills.

### JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

(a) That any and all medical bills that have not been paid by defendant or by insurance provided at defendant's expense that are determined by Dr. Wallace B. McGhan, the authorized treating physician for plaintiff, to be the proximate result of the injury sustained in the accident of September 8, 1995, shall be paid by defendant.

(b) That defendant shall continue to be responsible for future medical expenses as provided by Paragraph three of the Order of this Court dated February 19, 1998 approving the settlement between the parties.

(c) That defendant shall pay the sum of $295.75 to J. Thomas Jackson, attorney for plaintiff, as reasonable costs of this action in accordance with the expense statement heretofore submitted by Mr. Jackson.

  (d) That in all other respects, the Order of February 3, 2000 is hereby ratified and confirmed.

DONE THIS __10__ day of __April__, 2000.

           _____
           BURT SMITHART
           CIRCUIT COURT JUDGE

cc: Joseph T. Carpenter, Esquire
   Law Offices of Joseph T. Carpenter
   4121 Carmichael Road
   303 Sterling Centre
   Montgomery, AL 36106

   G. Thomas Jackson, Esquire
   Jackson & Jackson, L.L.C.
   Post Office Box 10
   Clayton, AL 36016

3