IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY W. SASSER, | ) |
| PLAINTIFF, | ) |
| vs. | ) CASE NO.: 2:06cv593-CSC |
| RYDER TRUCK RENTAL, et al., | ) |
| DEFENDANTS. | ) |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, by and through his undersigned attorney and in response to the Defendant's Motion for Summary Judgement states as follows:

The Plaintiff took the deposition of Dr. John Marsella, Jr., his approved treating pain management physician on July 20, 2007, a copy of which is attached hereto as Exhibit A.

As set forth in Plaintiff's initial Response to Summary Judgment, the Circuit Judge had previously ordered that all treatment approved by Dr. McGahan was to be paid by the Defendant, Ryder. That issue was not appealed. Dr. McGahan had referred Mr. Sasser to Dr. John Marsella a pain management specialist in Dothan, Alabama. Dr. Marsella began treated Mr. Sasser from 2000 until 2004. These bills were paid for by the worker's compensation company and there was no dispute at that time as to whether this treatment was in fact work related.

Dr. Marsella clearly disputes the "peer reviews" that Ryder allegedly relied on in cutting off Mr. Sasser's treatment. He specifically disagreed that the narcotic medication and trigger point injections he was prescribing for Mr. Sasser were not necessary or related to his back injury. Dr. Marsella said that the treatment he was providing for Mr. Sasser was for the same

back injury that Dr. McGahan sent him there for. (Deposition p. 23-24). This was the same injury Dr. McGahan was treating him for, and the same injury Ryder was ordered to pay for by the Circuit Judge.

Dr. Marsella did not agree with the peer review doctors' assessment of Mr. Sasser's needs. He testified as follows:

> Q. In your opinion, was the treatment that you requested that they pay for here, that they denied, a necessary treatment for his pain management for his back injury?
> A. Yes.
> . . . .
> Q. Okay. Was there anything that had changed about Mr. Sasser's condition from 2000 to the May 2004 that made it no longer necessary for him to need this treatment for his back pain?
> A. Not that I could tell.

(Deposition p. 30, 32).

When asked specifically about the opinion of Dr. Terrance Wilson, Dr. Marsella testified:

> Q. Now, he states, "Based on his review of the available records, it is my professional medical opinion that none of the treatment documented during 2003 and 2004 is causally related to the work injury of 9-8 of '95."
> Now in your opinion, was the treatment you provided to him, as documented in thos e treatment records, a necessary treatment to treat the back injury he came in heir from Dr. McGahan for?
> A. Yes.
> Q. Do you disagree, then, which his assessment – . . . .
> A. Yes.

(Deposition pp. 42-43).

Clearly, this expert opinion by Mr. Sasser's approved physician demonstrates there is a material issue of fact as to whether Ryder's reviewing physicians were accurate with their opinions. A jury should decide.

Further, Dr. Marsella's deposition provides even more evidence of a genuine issue of material fact as to whether these peer reviews were even purport to the regulations set forth by the Alabama Department of Industrial Relations. The "peer" physicians are to supposed to be board certified in the <u>same area</u> as the treating physician who was authorizing the treatment. Dr. Marsella testified that he is board certified in anesthesiology and pain management. (Deposition p. 5). That is clearly different than Dr. Cabot's certification in orthopedic surgery and disability evaluations. It is also different than Dr. Wilson's certification in physical medicine and rehabilitation. There was no evidence presented by Ryder that Dr. Wilson was board certified in pain management. Proving the same specialty is a requirement under Alabama law in order to use these peer reviews to deny a employee treatment. Those are questions of fact which a jury should be allowed to determine whether Ryder could even have relied on these peer reviews to begin with.

The Plaintiff believes that he has submitted substantial evidence as to the above stated issues of material fact and those stated in his initial response to overcome the Defendant's Motion for Summary Judgment.

WHEREFORE THE PREMISES considered, the Plaintiff respectfully request that summary judgment in this case be denied.

Respectfully submitted,

_____
Amy M. Shumate (SHU015)
Attorney for the Plaintiff
519 South Oates Street
Dothan, Alabama 36301
(334) 673-0729

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this __27th__ day of July, 2007 to:

Conley W. Knott
Austill, Lewis & Simms, P.C.
P.O. Box 11927
Birmingham, Alabama 35202-1927
    Attorney For: Ryder Truck Rental, Inc.


William A. Austill
Austill, Lewis & Simms, P.C.
P.O. Box 11927
Birmingham, Alabama 35202-1927
    Attorney For: Ryder Truck Rental, Inc

_____
Amy M. Shumate