IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY W. SASSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06cv593-CSC |
| | ) | |
| RYDER TRUCK RENTAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Johnny Sasser ("Sasser") filed this action in the Circuit Court of Barbour County, Alabama on May 24, 2006, alleging state law claims of outrage and negligent supervision against the defendants. On May 24, 2006, the defendants removed the case to this court solely on the basis of diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. The plaintiff did not file a motion to remand.

On May 24, 2007, the defendants filed a motion for summary judgment. A review of that motion clearly demonstrates that this litigation "arises out of a workers' compensation claim." (Br. in Supp. of Defs' Mot. for Summ. J. at 1). According to the defendants, "disputes have arisen concerning whether medical treatment sought by Plaintiff was required by the Alabama Workers' Compensation Act." (*Id*. at 2). The plaintiff acknowledges that this litigation arises out of his worker's compensation claim. (Pl's Res. to Defs' Mot. for Summ. J. at 1). The parties argue applicable Alabama law as it relates to workers' compensation claims. For example, the defendants argue that "there have been only two reported workers' compensation cases in which Alabama's appeal courts have found a jury

question to exist for outrage, on the basis of the handling of the claim." (Br. in Supp. of Defs' Mot. for Summ. J. at 10).

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Moreover, 28 U.S.C. § 1447(c) specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Consequently, it appears that this case was improvidently removed to this court. Accordingly, it is

ORDERED that on or before August 16, 2007, the parties shall show cause why the court should not summarily remand this case to state court[1] and require the defendants to pay "just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Done this 1st day of August, 2007.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.