# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JOHNNY W. SASSER,<br><br>      **Plaintiff(s),**<br><br>  v.<br><br>**RYDER TRUCK RENTAL, INC., d/b/a RYDER DEDICATED LOGISTICS, INC., a/k/a RYDER INTEGRATED LOGISTICS, INC., RYDER SERVICES CORPORATION and MARTYE LLOYD,**<br><br>      **Defendant(s).** | **Civil Action No.**<br>**2:06-cv-593-CSC** |

## DEFENDANTS' SHOWING OF GOOD CAUSE WHY THE CASE SHOULD NOT BE REMANDED

COME NOW, the Defendants, improperly designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd, by and through the undersigned counsel, and in response to the Court's Order to Show Cause, files this Defendants' Showing of Good Cause Why the Case Should Not Be Remanded. As good cause therefor, the Defendants state, as follows:

The Court, in its Order to Show Cause, has observed numerous references by the parties to the fact that the factual origin of this case was in the handling of a workers' compensation claim, which Plaintiff had made against Defendant Ryder. Thus, the parties have described the case as one that "arises out of a workers' compensation claim." The Court has taken note of this description,

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

and asked the undersigned to explain why federal jurisdiction is proper, when federal law disallows

removal of any civil action arising under state workers' compensation laws.  28 U.S.C. § 1445(c).

Upon reflection, the undersigned concedes the parties' arguments may have strayed too far

from the ultimate issue in this case, which is simply:  "whether the Defendants intentionally inflicted

emotional distress on the Plaintiff."   Because the underlying facts occurred in the setting of

managing a workers' compensation claim, much of the briefs have been devoted to lengthy

discussions about whether rules for managing workers' compensation cases were followed to the

letter.   These arguments may have a tendency to suggest the parties are arguing that the merits of

the case rise and fall on whether or not the Defendant followed all of the rules for handling a

workers' compensation claim.  That is not the case.[1]

The claim in this case is for the tort of outrage – a common law claim for money damages.

Even though *the facts of this case* occurred in the context of managing a workers' compensation

claim, it would not be accurate to say *the legal claim* arises under the Alabama Workers'

Compensation Act.  To the extent the undersigned's loose phraseology in describing this case as one

that "arises out of a worker's compensation case" has erroneously suggested this case is not

removable under 28 U.S.C. 1445(c), the undersigned apologizes to the Court.  In an effort to clarify

matters, the undersigned sets forth below several pertinent legal authorities (including authority from

this Federal District) which conclude claims of this nature and in this factual context do not

implicate 28 U.S.C. 1445(c), and are in fact removable.

---

[1]Defendants would submit its good faith effort to follow those rules is just one way to show the outrage claim is without merit; however, the Defendants could also defend against the outrage claim without embarking on an analysis of the rules for handling workers' compensation claims.

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

I.     **PLAINTIFF'S CLAIMS AND ARE NOT "ARISING UNDER" THE WORKERS' COMPENSATION LAWS OF ALABAMA**

Plaintiff's claim in this lawsuit is based on the common law tort of outrage.  See American Road Service Co. v. Inmon, 394 So.2d 361 (Ala.1980) (the case in which the common law tort of outrage was first recognized as a viable cause of action in Alabama).  This tort is one that is not grounded in the workers' compensation act, even though the factual basis of the claim can occur in the setting of a workers' compensation claim.

Judge Myron Thompson recently recognized, in a footnote, that outrage claims are not "arising out of" the workers' compensation act, even when the conduct complained of occurred in the setting of a workers' compensation claim:

"Although neither party raises the issue, it is also worth noting that this is not a suit 'arising under' Alabama's workers' compensation laws.  28 U.S.C. § 1445(c) disallows removal of any civil action arising under a State's workers' compensation laws.  However, it is appears that a common-law cause of action related to a workers' compensation claim is not affected by § 1445(c).  Patin v. Allied Signal, Inc., 77 F.3d 782 (5th Cir.1996)."

Moore v. CNA Foundation, 472 F.Supp.2d 1327 (M.D.Ala. 2007).  Judge Thompson's view is consistent with the view in the Southern District of Alabama.

Specifically, Raye v. Employer's Ins. of Wausau, 345 F.Supp.2d 1313 (S.D.Ala. 2004), was a case with allegations and a procedural setting similar to the case at bar.  The plaintiff in Raye was an employee who had made a workers' compensation claim seeking benefits under the Alabama Workers' Compensation Act.  In addition, he filed a *separate* lawsuit claiming the worker's compensation insurance company, its claim manager, and its adjuster had committed outrage and negligence in their handling of the workers' compensation claim.  After removal to federal court, the plaintiff filed a motion to remand arguing, in part, that under 28 U.S.C. § 1445(c) precluded removal.  The Court denied the motion to remand, holding, as follows:

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

"A civil action in any State court *arising under* the workmen's compensation laws of such State may not be removed to any district court of the United States.  28 U.S.C. § 1445(c)(emphasis added).  As this Court has previously held after extended discussion, *'state causes of action that are creatures of the common law do not "arise under" the worker's compensation laws.'*  White v. Travelers Insurance Co., Civil Action No. 01-398-S (Doc. 14 at 5-6).  *Thus, the plaintiff's claims for <u>outrage</u> and negligence do not trigger application of Section 1445(c)*.

"The plaintiff appears to suggest that his complaint also includes a 'claim' under Alabama's Worker's Compensation Act. (Doc. 21, ¶ 7; Doc. 22 at 4, 15; Doc. 30 at 3). The plaintiff is mistaken.  By its terms, the complaint includes only 'Count One' and 'Count Two,' with the former explicitly designated as a claim for 'outrageous conduct'  and the latter as one for 'negligen[ce].' (Complaint, ¶¶ 10, 12).  Elsewhere, and more accurately, the plaintiff describes the complaint as including only a 'demand for medical payments to which he is entitled under the Alabama Worker's Compensation Act.' (Doc. 22 at 11).  A demand for relief, however, is not a cause of action.  The plaintiff has indeed demanded recovery of worker's compensation benefits, but he has done so under the rubric of common-law claims of outrage and negligence, not under the Act itself.

"Now grasping at straws, the plaintiff argues finally that his case 'involves' a worker's compensation claim because, had the defendants paid him the benefits he allegedly is due, his tort claims 'would not have arisen.' (Doc. 30 at 2).  This may be true but, as discussed in <u>White</u>, 'that a claim is "related to" the worker's compensation laws does not establish that it arises under them.' (Doc. 14 at 7 (citing <u>Patin v. Allied Signal, Inc.</u>, 77 F.3d 782, 789 (5th Cir.1996))).  Indeed, the plaintiff quotes and explicitly agrees with this precise passage from <u>Patin</u>. (Doc. 22 at 15)."

<u>Raye</u>, 345 F.Supp.2d at 1316 (footnote omitted; emphasis added).  See also, <u>Patin v. Allied Signal, Inc.</u>, 77 F.3d 782, 789 (5th Cir.1996) (holding that claims for breach of the duty of good faith and fair dealing in the context of a workers' compensation claim are a common law claims which "do not 'arise under' the state workers' compensation statutes but are, at most, 'related to' those statutes and thus do not come within the ambit of the non-removability provision of § 1445(c)").

The basis for the holdings in <u>Raye</u> and <u>Patin</u> may be best understood in light of the Alabama Supreme Court's discussion in <u>Garvin v. Shewbart</u>, 442 So.2d 80 (Ala. 1983) (overruled on other

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:    2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

grounds by <u>Lowman v. Piedmont Executive Shirt Mfg. Co.</u>, 547 So.2d 90 (Ala. 1989).[2]  The <u>Garvin</u>

Court was called upon to address whether claims for the tort of outrage were barred by the *exclusive*

*remedy* provisions of the Alabama Workers' Compensation Act.  Although not in the context of

federal removal, the Court's analysis nevertheless reaches the same ultimate issue of the whether

a claim for the tort of outrage (or the alleged conduct giving rise to it) is within the scope of the

Alabama Workers' Compensation Act.

> "The tort of outrageous conduct or intentional infliction of emotional distress involves 'extreme and outrageous conduct' by one who 'intentionally or recklessly causes severe emotional distress to another.'  <u>American Road Service Co. v. Inmon</u>, 394 So.2d 361, 365 (Ala.1980).  Under our decisions the burden on the plaintiff to make out a case of outrageous conduct is heavy.  Plaintiff must show that the conduct is so outrageous in character and so extreme in degree so as to be regarded as atrocious and utterly intolerable in a civilized society.  <u>Cates v. Taylor</u>, 428 So.2d 637 (Ala.1983).

> "The Act is designed to compensate those who are injured on the job and provides immunity from common law suits for those employers and carriers who come within the Act.  A suit seeking recovery under the tort of outrageous conduct does not seek compensation nor medical benefits for the original on-the-job injury.  The connection with the physical injury that gave rise to the original workmen's compensation claim is tenuous. The conduct giving rise to the tort of outrageous conduct in the context of this kind of case can be more accurately characterized as mental assault than as failure to pay compensation or medical benefits even though it may arise in a failure to pay context.  Conduct constituting the tort of outrageous conduct cannot reasonably be considered to be within the scope of the Act.  When the employer or carrier's conduct crosses the line between mere failure to pay and intent to cause severe emotional distress, the cloak of immunity is removed.

> "For the foregoing reasons, we affirm the trial court's dismissal of the bad faith and tortious violation of duty counts. While we make no finding as to whether these defendants' conduct was sufficient to justify relief under a claim based upon the tort of outrageous conduct, we disagree with the trial court's conclusion that such a claim was barred under the

---

[2]<u>Lowman v. Piedmont Executive Shirt Mfg. Co.</u>, 547 So.2d 90 (Ala. 1989) overruled <u>Garvin v. Shewbart</u> 442 So.2d 80 (Ala. 1983), with respect to the standard of review for summary judgment.  In <u>Garvin</u>, the Court had that in claim for fraud or outrage occurring in the setting of a workers' compensation claim, the Plaintiff could survive summary judgment upon presenting *substantial evidence* in support of the claim.  The <u>Lowman</u> Court overruled <u>Garvin</u> in this respect, and held that the Plaintiff had a higher burden of proof in rebuttal, i.e., *clear and convincing evidence*.

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

exclusivity provisions, and, therefore, we reverse the order dismissing the count based on that claim and remand the case for proceedings consistent with this opinion."

Garvin, 442 So.2d at 83.

The undersigned respectfully submits the Plaintiff's claims in this case are common law claims which are based on common law principles, and are not dependent upon the Alabama Workers' Compensation Act.  See Inmon, supra; and Garvin, supra.  It is only in its *factual context* that this case has any relationship to a workers' compensation claim.  However, insofar as the Plaintiff's *legal claims for relief* are concerned, the Complaint contains nothing other than "state causes of action that are creatures of the common law," and as such they do not "'arise under' the worker's compensation laws" and "do not trigger application of Section 1445(c)."  Raye, 345 F.Supp.2d at 1316.  Accordingly, this case is not due to be remanded.


## II.     ASSUMING, ARGUENDO, THE LIMITATIONS OF 28 U.S.C. § 1445(c) APPLIED TO THIS CASE, REMAND WOULD BE UNTIMELY

The Eleventh Circuit has joined the Third, Fifth and Ninth Circuits in holding that cases cannot be remanded more than thirty (30) days after removal, except on the basis of lack of subject matter jurisdiction.  Although the Eleventh Circuit has yet to squarely address whether or not 28 U.S.C. § 1445(c) is a procedural or jurisdictional limitation, the undersigned would suggest the weight of authority in other jurisdictions, combined with writings within the Eleventh Circuit and the Northern District of Alabame, indicate the rule is properly construed as a procedural limitation.  Viewed as a procedural limitation, 28 U.S.C. § 1445(c) is not a basis for remand in this particular case, because the Plaintiff failed to object to the removal within thirty days.

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

In the case of In re Bethesda Memorial Hosp., Inc., 123 F.3d 1407, 1410-11 (11th Cir. 1997), the Eleventh Circuit recognized the principle that, unless there is an argument for lack of *subject matter jurisdiction*, the Plaintiff loses the opportunity to move for a remand if he does not file that motion within thirty (30) days of the removal.  In fact, the Court in Bethesda Memorial Hosp., went a step further to hold this rule also applies to *sua sponte* remands more than thirty (30) days after removal.  Specifically, the Court held:

> "We now turn to the propriety of remanding for procedural defects after thirty days of the notice of removal.  This presents an issue of first impression in this circuit.  However, three other circuits have already addressed the issue and reached similar conclusions.[3]  In [F.D.I.C. v. ]Loyd, 955 F.2d [316] at 316 [(5th Cir.1992)], the Fifth Circuit held that the thirty-day time limit for filing a motion to remand imposed by 28 U.S.C. § 1447(c) applies to the court as well as to the parties.  After a thorough review of the history of § 1447(c), the court reasoned that the congressional intent of § 1447(c) was to prevent 'the shuffling [of] cases between state and federal courts after the first thirty days' based on purely procedural defects when each court has subject matter jurisdiction.  Loyd, 955 F.2d at 322 (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72 (1988)).  This reasoning is supported by the plain language of 28 U.S.C. § 1447(c), which states that '[a] motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under section 1446(a).' 28 U.S.C. § 1447(c).

> "We are persuaded that the reasoning in Loyd and adopted by the Third and Ninth Circuits is correct.  We find that the term 'motion to remand' in § 1447(c) includes a district court's *sua sponte* remand. Assuming without deciding that a district court may remand *sua sponte* for defects in the removal process, we hold that it is bound by the thirty-day limit.  The district court filed its remand order on June 19, 1996, thirty-four days after the filing of the removal petition. The court acted outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal."

Id., at 1410-11 (italics in original; original footnote omitted; new footnote added).

Granted, this Eleventh Circuit decision does not specifically address whether or not the 28 U.S.C. § 1445(c) restriction against removal of cases arising under state workers' compensation laws is procedural or jurisdictional.  In fact, the Eleventh Circuit has expressly written that this is an open

---

[3]Maniar v. F.D.I.C., 979 F.2d 782 (9th Cir.1992); F.D.I.C. v. Loyd, 955 F.2d 316 (5th Cir.1992); and Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3rd Cir.1989).

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

question in this circuit.  See <u>New v. Sports & Recreation, Inc.</u>, 114 F.3d 1092, 1097, n.7 (11th Cir. 1997) (Alabama).  Nevertheless, the undersigned would submit that in recognizing the unsettled state of the law on this question, the Eleventh Circuit wrote in a way which appears to approve of the rule in other circuits, which hold 28 U.S.C. § 1445(c) is a procedural rule, and not jurisdictional. The quote by the Eleventh Circuit (found in a footnote) states in pertinent part, as follows:

> "We note that, although this circuit has not so held, the Fifth Circuit has determined that a remand pursuant to section 1445(c) is based on a procedural defect rather than a lack of subject matter jurisdiction. See <u>Williams v. AC Spark Plugs</u>, 985 F.2d 783, 786 (5th Cir.1993).  To the extent that section 1445(c) can be considered a procedural limitation, a remand order issued pursuant to a timely motion asserting a defect in removal procedure is precluded from appellate review."

 <u>New v. Sports & Recreation, Inc.</u>, 114 F.3d at 1097 (footnote 7).

The Fifth Circuit (recognized by the Eleventh Circuit, above) is not the only circuit which construes 28 U.S.C. § 1445(c) as procedural.  The Ninth and Fourth Circuits concur, and have therefore held 28 U.S.C. § 1445(c) presents a procedural limitation on removal such that the right to move for remand is waived if not exercised within thirty (30) days of removal.  See <u>Baldwin Hills Medical Group v. Los Angeles County Metropolitan Transp. Authority</u>, 2006 WL 2233242 (9th Cir. 2006) (California); and <u>Wiley v. United Parcel Service, Inc.</u>, 11 Fed.Appx. 176 (4th Cir. 2001) (North Carolina).  The same conclusion has been reached by District Courts in the Sixth Circuit. See <u>Obeid v. Meridian Automotive Systems</u>, 2003 WL 22989552 (E.D. Mich. 2003) (6th Circuit); <u>Barber v. Pepsi-Cola Personnel, Inc.</u>, 78 F.Supp.2d 683 (W.D.Mich. 1999).

Finally, although it is not a published decision, at least one federal court in Alabama has addressed this exact question, and expressly adopted the Fifth Circuit rule, holding the failure to seek remand within thirty (30) days waives any barrier to removal under 28 U.S.C. § 1445(c).  <u>See</u>

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:    2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

<u>Gunn v. Fisher of Alabama</u>, 1994 WL 875925 (N.D.Ala. 1994) (not reported in F.Supp.).[4]

Specifically, Judge Blackburn wrote, in an alternative holding, as follows:

> "Even assuming that § 1445(c) originally prohibited removal of this case because Count I indisputably arises under the Workers' Compensation laws of Alabama, plaintiff has waived his right to object to this defect in the removal proceedings by his failure to move to remand on this basis within 30 days as required by 28 U.S.C. 1447(c).

> "As the Fifth Circuit has recently stated, '[i]f a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.' <u>Williams v. AC Spark Plugs</u>, 985 F.2d 783, 787 (5th Cir. 1993). Only subject matter jurisdiction barriers, such as the absence of diversity or the lack of a federal question when federal question jurisdiction is asserted as the only basis for removal, would allow the action to be remanded. <u>Id.</u> The Motion to Remand is therefore due to be denied as untimely.

> "For the foregoing reasons, the court ORDERS that plaintiff's Motion to Remand is hereby DENIED."

<u>Id.</u>, slip opinion at 1-2 (footnote omitted) (cited for other purposes in <u>Brooks v. Wireless One, Inc.</u>, 43 F.Supp.2d 1294, 1296, n.4 (M.D.Ala. 1999)).

The undersigned respectfully submits that the weight of authority overwhelmingly supports the conclusion that the limitations on removal contained in 28 U.S.C. § 1445(c) are merely procedural, and not jurisdictional. As such, remand more that thirty (30) days after the removal is not permitted. <u>See</u> <u>In re Bethesda Memorial Hosp., Inc.</u>, <u>supra</u> (enforcing the 30 day limitation for procedural limitations, generally).

In the case at bar, the record will reflect the case was removed to this Court on July 5, 2006. The Plaintiff has never filed any objection to the removal, and 405 days have passed since the case

---

[4]Overruled on other grounds by <u>Lewis v. Rhodes, Inc.</u>, 968 F.Supp. 633 (N.D.Ala., 1997)

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

was removed.  Accordingly, the undersigned would respectfully submit the case is not due to be remanded.

### III.    EVEN IF THE COURT FINDS THIS CASE SHOULD BE REMANDED, SANCTIONS WOULD NOT BE JUSTIFIED

The undersigned would respectfully submit that – regardless of the Court's findings on the merits of the issue of remand – sanctions against the Defendants would not be appropriate under 28 U.S.C. § 1447(c).

In <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 126 S.Ct. 704 (2005), the Supreme Court noted the lack of statutory guidance for when it might be appropriate to assess costs, expenses and fees against a party who improperly removes a case to federal court, under 28 U.S.C. § 1447(c).  The Court first observed " Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just," <u>Id.</u>, 126 S.Ct. at 710, and then went on to define that standard, as follows:

> "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

<u>Id.</u>, 126 S.Ct. at 711.

The authorities cited above indicate the removal in this case was consistent with heretofore accepted practice in federal court in Alabama in general, and the Middle District in particular.  <u>See</u>, <u>e.g.</u>, <u>Raye v. Employer's Ins. of Wausau</u>, 345 F.Supp.2d 1313 (S.D.Ala. 2004); <u>Moore v. CNA Foundation</u>, 472 F.Supp.2d 1327 (M.D.Ala. 2007).  This practice is also consistent with the holdings of the Fifth Circuit, which has held 28 U.S.C. § 1445(c) does not bar removal of claims such as the Plaintiff's claim in this case.  <u>See</u> <u>Patin v. Allied Signal, Inc.</u>, 77 F.3d 782, 789 (5th Cir.1996).

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

Moreover, Alabama case law also supports the Defendants argument that the Plaintiff's case is not of the nature that implicates 28 U.S.C. § 1445(c).  See Garvin v. Shewbart, 442 So.2d 80 (Ala. 1983).

As set forth above, the undersigned maintains the removal was in all respects proper and due to be left undisturbed.  However, in the event this Honorable Court disagrees, and remands the case, the undersigned respectfully, but strongly, submits it had an "objectively reasonable basis" for removing the case, such that there should be no assessment of costs, expenses, fees or other sanctions.  See Martin, supra.

WHEREFORE, PREMISES CONSIDERED, the Defendants, improperly designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd, by and through the undersigned counsel, respectfully request the Court to refrain from the *sua sponte* remand of this case to state court, and further respectfully request the Court to refrain from assessing any costs, expenses, fees, or other sanctions against these Defendants.

Respectfully submitted,

By:   /s/ William A. Austill
William A. Austill (Fed ID: ███████)
Attorney for Defendants

OF COUNSEL:
Austill Lewis, P.C.
P.O. Box 11927
Birmingham, AL  35202-1927

*Sasser, Johnny W. vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Defendants' Showing of Good Cause Why the Case Should Not Be Remanded

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this __15th__ day of <u>August</u>, 2007 to:

Amy M. Shumate
519 South Oates Street
Dothan, AL  36301
    Attorney For: Johnny W. Sasser

/s/ William A. Austill
OF COUNSEL