IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY W. SASSER,<br><br>Plaintiff(s),<br><br>v.<br><br>RYDER TRUCK RENTAL, INC., d/b/a<br>RYDER DEDICATED LOGISTICS, INC.,<br>a/k/a RYDER INTEGRATED<br>LOGISTICS, INC., RYDER SERVICES<br>CORPORATION and MARTYE LLOYD,<br><br>Defendant(s). | Civil Action No.<br>2:06-cv-593-CSC |

**SUPPLEMENTAL SUBMISSION**
**SHOWING CAUSE WHY CASE SHOULD NOT BE REMANDED**

COME NOW, the Defendants, improperly designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd, by and through the undersigned counsel, and offer this Supplemental Submission, in response to the Court's Order to show cause why this case should not be remanded. As good cause therefor, the Defendants state, as follows:

In an Order dated 8-1-2007, the Court ordered these Defendants to show cause why this case should not be remanded to state court, on the basis of 28 U.S.C. § 1445(c) (providing "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States"). The Court's Order allowed these Defendants to make their showing of cause on or before 8-16-2007. Previously, on 8-15-2007, Defendants filed

Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission Showing Cause Why Case Should Not Be Remanded

with the Court a brief entitled "Defendant's Showing of Good Cause Why the Case Should Not Be Remanded." The Defendants maintain the authorities and arguments in that brief fully support the position that remand would not be appropriate.

Since the filing of that previous brief, the undersigned has come upon additional authority on the subject. This authority is precisely on point, and strongly supports Defendants' position that remand would not be appropriate. Moreover, because this authority is an opinion authored this year by Judge Mark Fuller, of the Middle District of Alabama, the undersigned believes the case is particularly authoritative, and should not be overlooked when this matter is taken under submission.[1]

Specifically, the undersigned would direct the Court's attention to the case of Bryant v. Wausau Underwriters Insurance Company, 2007 WL 1159699 (M.D.Ala. 2007). Although we quote extensively from the opinion in this brief, we have also attached a complete copy hereto for the Court's convenience.

The Bryant case was originally filed in state court. In a single complaint, it stated two counts: Count I was a straightforward claim seeking benefits under the Alabama Workers' Compensation Act; and Count II was a claim for outrage. Similar to the case at bar, the outrage claim in the Bryant case was based on events that took place in the context of the defendants' handling of the plaintiff's worker's compensation claim. Thus, the factual basis of the claim may be said to arise out of the workers' claim, even though the legal claim for outrage did not "arise under the workmen's compensation laws."

Procedurally, the setting in Bryant was as follows. The defendant removed the case to federal court (removing both the workers' compensation claim, and the outrage claim), and

---

[1] The undersigned notes that this Supplemental Submission is being electronically filed on 8-16-2007, which is within the time prescribed by the Court's Order of 8-1-2007.

Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)
Civil Action No.: 2:06-cv-593-CSC
Supplemental Submission Showing Cause Why Case Should Not Be Remanded

---

simultaneously asked the court to sever the two claims and remand the workers' compensation claim to state court. It was a long way of going about it, but the essence of the defendants' maneuvering was to seek removal of the outrage claim only, while leaving the claim for workers' compensation benefits in state court. The plaintiff objected, and argued both claims should be remanded to state court. Judge Fuller approved the defendants' course of action, and denied the plaintiff's motion to remand the outrage claim.

In holding federal jurisdiction was appropriate, Judge Fuller addressed the exact question posed by the Court in the case at bar: whether, under 28 U.S.C. 1445(c), a federal court has jurisdiction over a claim for outrage, when the claim is based on allegations of conduct occurring in the context of handling a workers' compensation claim. Specifically, Judge Fuller held, as follows:

> "Plaintiff argues that 28 U.S.C. § 1445(c) prohibits remand[2] of Count II because his outrage claim arises under Alabama's workers' compensation laws. The Court agrees that Plaintiff's outrage claim may not be removed to this Court if it 'arises under' the Alabama Workers' Compensation Act. See 28 U.S.C. § 1445(c). In Reed v. Heil Co., 206 F.3d 1055 (11th Cir. 2000), the Eleventh Circuit held that a claim of retaliatory discharge for filing a workers' compensation claim, a statutory cause of action, arose under Alabama's workers' compensation laws. Id. at 1060. The Eleventh Circuit noted that the retaliatory discharge cause of action was 'an integral part of Alabama's workers' compensation regime,' having been 'passed to enhance the efficacy of the overall workers' compensation system' and codified with the rest of the workers' compensation laws. Id. The court stated that cases focusing on whether common law causes of action arise under state workers' compensation laws were inapposite. Id. at 1059. It noted that the Seventh Circuit held that a court-created retaliatory discharge claim for filing for workers' compensation did not arise under the workers' compensation laws. See id. (citing Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir.1994)). The court also cited with approval Fourth Circuit precedent holding that an intentional tort action did not arise under state workers' compensation laws for purposes of § 1445(c). See Reed, 206 F.3d at 1060 (citing Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 125 (4th Cir.1995)).

---

[2] Read in context, the use of the word "remand" appears to be a clerical error. The undersigned would submit the Bryant opinion was intended to state "Plaintiff argues that 28 U.S.C. § 1445(c) prohibits *removal* of Count II . . . ."

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission Showing Cause Why Case Should Not Be Remanded

---

> "Outrage is a common law intentional tort. ***A cause of action for outrage, even if based on a denial of a workers' compensation claim, is not 'an integral part of Alabama's workers' compensation regime.'*** <u>See</u> ***<u>id.</u>*** ***The Court concludes that Plaintiff's outrage claim does not arise under the Alabama Workers' Compensation Act. Therefore, § 1445(c) does not require that Count II be remanded. The Court finds that Count II [outrage] was properly removed based on diversity jurisdiction.***"

<u>Id.</u>, slip op. at page 2 (footnote added; emphasis added).  (A complete copy of this opinion is attached hereto as Exhibit A.)

The undersigned respectfully submits the <u>Byrant</u> case is both well-reasoned and authoritative on the subject.  Federal authorities interpreting 28 U.S.C § 1445(c) simply do not support remanding the case to state court (as demonstrated by the complete lack of any legal authority in Plaintiff's Response to the Court's Order of August 1st, 2007).  On the contrary, the vast weight of federal authorities, both in this district and elsewhere, show 28 U.S.C. § 1445(c) is not implicated in this case, and it is entirely proper for this Court to hear this case under federal diversity jurisdiction.

WHEREFORE, PREMISES CONSIDERED, the Defendants, improperly designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd, by and through the undersigned counsel, respectfully request the Court to refrain from the *sua sponte* remand of this case to state court, and further respectfully request the Court to refrain from assessing any costs, expenses, fees, or other sanctions against these Defendants.

Respectfully submitted,

By:  /s/ William A. Austill
William A. Austill (Fed ID: 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)
Attorney for the Defendants

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission Showing Cause Why Case Should Not Be Remanded

OF COUNSEL:
Austill Lewis, P.C.
P.O. Box 11927
Birmingham, AL  35202-1927

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this  16th  day of August, 2007 to:

Amy M. Shumate
519 South Oates Street
Dothan, AL  36301
    Attorney For: Johnny W. Sasser

/s/ William A. Austill
OF COUNSEL