Westlaw.

Exhibit A

Slip Copy                                                                                       Page 1
Slip Copy, 2007 WL 1159699 (M.D.Ala.)
**(Cite as: Slip Copy)**

Bryant v. Wausau Underwriters Ins. Co.
M.D.Ala.,2007.
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama,Northern Division.
Ashby Shawn BRYANT, Plaintiff,
v.
WAUSAU UNDERWRITERS INSURANCE COMPANY, et al., Defendants.
No. 2:06-cv-1002-MEF.

April 18, 2007.

Lister Hill Proctor, Proctor & Vaughn, Sylacauga, AL, Ryan Wesley Shaw, Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C., Montgomery, AL, for Plaintiff.
Richard B. Garrett, Rushton Stakely Johnston & Garrett PC, Montgomery, AL, Earl Howard Lawson, Jr., Law Office of Earl H Lawson, Jr, Birmingham, AL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
MARK E. FULLER, Chief United States District Judge.
*1 On October 6, 2006, Plaintiff Ashby Shawn Bryant ("Plaintiff") filed suit against Wausau Underwriters Insurance Company ("Wausau") and Madix, Inc. ("Madix") in the Circuit Court of Coosa County.[FN1] On November 3, 2006, Wausau and Madix (collectively "Defendants") filed a Notice of Removal in this Court (Doc. # 1). On the same day, Defendants filed a Motion to Sever and Remand (Doc. # 5). On November 22, 2006, Plaintiff filed a Motion to Remand (Doc. # 8). Those motions are presently before the Court. For the reasons set forth below, Defendants' motion is due to be GRANTED and Plaintiff's motion is due to be GRANTED IN PART and DENIED IN PART.

> FN1. Plaintiff also named a number of fictitious defendants. Federal courts do not allow fictitious party practice. *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n. 1 (11th Cir.1997) ("[F]ictitious party practice is not permitted in federal court."). Therefore, the fictional defendants are due to be dismissed. *See, e.g., Wiggins v. Risk Enterprise Mgmt. Ltd.,* 14 F.Supp.2d 1279, 1279 n. 1 (M.D.Ala.1998) (DeMent, J.) (dismissing sua sponte fictional defendants).

**I. Standard of Review**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983). As such, they only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377. Federal courts have federal question jurisdiction over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction over civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1).

The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns,* 31 F.3d at 1095. Because federal court jurisdiction is limited and removal jurisdiction raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

**II. Background**

Plaintiff claims that on or about March 14, 2006 he suffered a ruptured disc in his neck while

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

performing his job duties as an employee of Madix. He contends that his neck, shoulder, and arm are permanently disabled and that he now suffers permanent total disability.

Count I of the Complaint alleges that Plaintiff is owed workers' compensation benefits from Madix. Plaintiff seeks the "compensation, medical expenses and other benefits to which [he] is entitled under the Workers' Compensation Act of 1992 of the State of Alabama." (Doc. 1 Ex. C at 4.) He also seeks costs and expenses.

Count II alleges that Defendants are liable for the tort of outrage due to their failure to authorize a surgery that an orthopedic surgeon recommended Plaintiff undergo. Plaintiff claims that this failure was intentional or reckless. He alleges that "Defendants' actions are so severe and outrageous that they exceed the bounds of decency." (Doc. 1 Ex. C at 8.) He seeks compensatory and punitive damages, costs, and interest.

### III. Discussion

*2 The parties agree that Count I should be remanded. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The parties' motions are due to be GRANTED to the extent that they seek to remand Count I of the Complaint.

The parties disagree as to whether Count II should be remanded. Plaintiff does not dispute that Count II was properly removed based on diversity jurisdiction. However, he argues that his claims may not be severed, and therefore that both should be remanded. He contends that the claims may not be severed because they (1) are part of one action, (2) have not been severed in state court, and (3) are intertwined such that severing them would "compromise[ ] both justice and judicial economy." (Doc. 8 at 2.) He does not cite any support for these propositions. The Court is not convinced that it is precluded from severing Plaintiff's claims. It will grant the motion to sever should it determine that Count II is properly before the Court.

Plaintiff argues that 28 U.S.C. § 1445(c) prohibits remand of Count II because his outrage claim arises under Alabama's workers' compensation laws. The Court agrees that Plaintiff's outrage claim may not be removed to this Court if it "arises under" the Alabama Workers' Compensation Act. *See* 28 U.S.C. § 1445(c). In *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir.2000), the Eleventh Circuit held that a claim of retaliatory discharge for filing a workers' compensation claim, a statutory cause of action, arose under Alabama's workers' compensation laws. *Id.* at 1060. The Eleventh Circuit noted that the retaliatory discharge cause of action was "an integral part of Alabama's workers' compensation regime," having been "passed to enhance the efficacy of the overall workers' compensation system" and codified with the rest of the workers' compensation laws. *Id.* The court stated that cases focusing on whether common law causes of action arise under state workers' compensation laws were inapposite. *Id.* at 1059. It noted that the Seventh Circuit held that a court-created retaliatory discharge claim for filing for workers' compensation did not arise under the workers' compensation laws. *See id.* (citing *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir.1994)). The court also cited with approval Fourth Circuit precedent holding that an intentional tort action did not arise under state workers' compensation laws for purposes of § 1445(c). *See Reed*, 206 F.3d at 1060 (citing *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir.1995)).

Outrage is a common law intentional tort. A cause of action for outrage, even if based on a denial of a **workers' compensation** claim, is not "an integral part of Alabama's **workers' compensation** regime." *See id.* The Court concludes that Plaintiff's outrage claim does not arise under the Alabama **Workers' Compensation** Act. Therefore, § 1445(c) does not require that Count II be remanded. The Court finds that Count II was properly **removed** based on diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is due to be DENIED with respect to Count II, and Defendants' Motion to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Sever and Remand is due to be GRANTED with respect to severance of Plaintiff's claims.

### IV. Conclusion

*3 For the reasons set forth above, it is hereby ORDERED that

1. Plaintiff's Motion to Remand (Doc. # 8) filed November 22, 2006, is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Count I and DENIED as to Count II.
2. Defendants' Motion to Sever and Remand (Doc. # 5) filed November 3, 2006, is GRANTED.
3. Counts I and II are SEVERED.
4. Count I is REMANDED to the Circuit Court of Coosa County, Alabama.
5. The Clerk is DIRECTED to take appropriate steps to effect the remand.
6. Plaintiff's claims against the fictional defendants are DISMISSED.

DONE.

M.D.Ala.,2007.
Bryant v. Wausau Underwriters Ins. Co.
Slip Copy, 2007 WL 1159699 (M.D.Ala.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.