# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| JOHNNY W. SASSER, | |
| Plaintiff(s), | |
| v. | |
| RYDER TRUCK RENTAL, INC., d/b/a RYDER DEDICATED LOGISTICS, INC., a/k/a RYDER INTEGRATED LOGISTICS, INC., RYDER SERVICES CORPORATION and MARTYE LLOYD, | Civil Action No. 2:06-cv-593-CSC |
| Defendant(s). | |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT

COMES NOW, the Defendants, improperly designated in Plaintiff's complaint as Ryder Truck Rental, Inc., d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd, by and through the undersigned counsel, and offer this Supplemental Brief in Support of Summary Judgment, in response to the Court's Order of October 18, 2007, requesting arguments addressing the Plaintiff's negligent supervision claims.

In response to the Court's Order, and as further good cause for the dismissal of any and all claims in this civil action, with prejudice, the Defendants say, as follows:

## FACTS

The Defendants adopt and incorporate the statement of facts set forth in their original Brief in Support of Summary Judgment, and accompanying Evidentiary Submission. No additional facts

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

or evidence are necessary to address Plaintiff's negligent supervision claim, because that count fails to state a claim upon which relief can be granted, and summary judgment is due based on the law and the pleadings.

## **ARGUMENTS FOR DISMISSAL OF PLAINTIFF'S CLAIMS**

The Defendants will address, below, each Count of the Complaint in sequence, in an effort to clarify the relationship between this Supplemental Brief and the original Brief in Support of Summary Judgment, and clarify the fact that each and every one of the claims in the Complaint are due to be dismissed with prejudice.

### **AS TO COUNT ONE**

Count One of the Complaint is a tort claim based on alleged Outrageous conduct by Defendants Ryder and Martye Lloyd.  These allegations and claims were fully addressed in the Defendants' first Brief in Support of Summary Judgment.  That brief, with its supporting exhibits, establish Count One is without merit, and is incorporated herein by reference.

### **AS TO COUNT TWO**

Count Two of the Complaint is styled as a claim based on Respondeat Superior.  The allegations of this Count do not allege any tortious conduct, other than what is alleged in Count One of the Complaint.  Accordingly, the arguments and exhibits in the Defendants' first Brief in Support of Summary Judgment fully address Count Two, and establish Count Two is without merit, and is incorporated herein by reference.

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

## AS TO COUNT THREE

Count Three of the Complaint is styled as Negligent Supervision. This Count is limited to tort claims based on alleged negligence and/or wantonness by the Defendant, Ryder Services Corporation. Specifically, the sum total of the allegations in Count Three are, as follows:

> "24. Plaintiff avers that the defendant Ryder Services Corporation negligently and/or wantonly failed to hire, train and supervise its employees.
>
> "25. Said negligent and/or wanton failure to hire, train and supervise was a proximate and direct cause of Plaintiff's injuries and damages as described above."

*See Complaint.* Summary judgment is due to be granted with respect to Count Three because it fails to state any claim that is not barred by the exclusivity provisions of the Alabama Workers' Compensation Act. As such, Count Three fails to pass muster even under Rule 12(b)(6), Fed.R.Civ.P.

The exclusive remedy provision of the Alabama Workers' Compensation Act provides, as follows:

> "The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, . . . at common law, by statute, or otherwise on account of injury. . . . Except as provided in this chapter, no employer shall be held civilly liable for personal injury to . . . the employer's employee, for purposes of this chapter, whose injury or death is due to an accident . . . while engaged in the service or business of the employer, the cause of which accident . . . originates in the employment."

Ala.Code § 25-5-53 (1975). Moreover, the benefit of this exclusive remedy statute is not limited to the employer. The employer's workers compensation insurer is protected by this statute to the same extent as the employer is. <u>Gibson v. Southern Guar. Ins. Co.</u>, 623 So.2d 1065, 1066 (Ala. 1993)

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

("The exclusivity provisions of the Alabama Workers' Compensation Act limit the liability of the workers' compensation insurer to those claims prescribed under the statute for job-related injuries.")

In a recent case from the Middle District of Alabama, Judge Ira De Ment recognized the fact that this exclusive remedy specifically bars claims for negligence and wantonness, because both of those torts fall below the level of intentional conduct that would be necessary to get around the exclusive remedy provision. See Harris v. Beaulieu Group, LLC, 394 F.Supp.2d 1348 (M.D.Ala. 2005). Specifically, Judge De Ment held, as follows:

> "As recognized by this court, Alabama courts have carved out exceptions to the exclusivity provisions for certain types of intentional torts, see Treadwell v. Dow-United Technologies, 970 F.Supp. 974, 986-87 (M.D.Ala.1997) (DeMent, J.), but "the exceptions ... are very limited." Crean v. Michelin Tire Corp., 889 F.Supp. 460, 463 (M.D.Ala.1995) (Albritton, J.). For example, in Beard v. Mobile Press Register, Inc., the Alabama Court of Civil Appeals acknowledged that "an employer's 'intentional tortious conduct,' such as intentional fraud, 'committed beyond the bounds of the employer's proper role,' is actionable notwithstanding the exclusivity provisions of the [Act]." 908 So.2d 932, 935-36 (2004) (citing Hobbs v. Alabama Power Co., 775 So.2d 783, 786 (Ala.2000), and Lowman v. Piedmont Executive Shirt Mfg. Co., 547 So.2d 90, 95 (Ala.1989)). Also, "if an employer's wrongful conduct, rather than injuring an employee, injures an employee's unborn child, a personal-injury action brought by or on behalf of the child is not barred by the exclusivity provisions of the Act." Id. (citation omitted). Similarly, citing Alabama opinions, the Crean court observed that "the only causes of action recognizable in tort as exceptions to workers' compensation being an exclusive remedy are fraud and the tort of outrageous conduct." 889 F.Supp. at 463-64 (citing Lowman, 547 So.2d at 95, and Continental Casualty Ins. Co. v. McDonald, 567 So.2d 1208 (Ala.1990)). Recognizing the broad application of the exclusivity of remedy set out in § 25-5-52 and § 25-5-53, the court in Treadwell found that the exclusivity provisions barred an employee's claim for "reckless fraud" (as opposed to intentional fraud), see 970 F.Supp. at 987, and the Crean court disallowed a claim for interference with contractual relations. See 889 F.Supp. at 465.
>
> **"Plaintiff's claims in Counts I and II of her complaint are predicated on allegations of negligence, wantonness and willfulness. The averments of negligence and wantonness do not arise from the type of intentional and outrageous conduct described above. The court, therefore, finds that these claims are <u>not excepted</u> from the Act's exclusivity provisions."**

Harris, 394 F.Supp.2d at 1353-4.

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.: 2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

The Alabama Supreme Court has specifically held the exclusive remedy statute is not limited to claims based on the specific on-the-job accident. It also applies to claims based on alleged improprieties in the handling of a workers compensation claim. See Gibson v. Southern Guar. Ins. Co., 623 So.2d 1065 (Ala. 1993). In a nutshell, the background of Gibson, and its holding on this issue, can be stated as follows:

> "Mr. Gibson was injured on the job while working for American Sign Company on May 11, 1989, when a falling ladder struck his head. . . .
>
> "Gibson sued [his workers' compensation insurer] on July 30, 1991, alleging the tort of outrageous conduct, bad faith, fraud, conspiracy, and negligence and wantonness in the manner in which the defendants had handled his need for psychological testing and treatment that arose out of his workplace injury.
>
> ". . . .
>
> "The exclusivity provisions of the Alabama Workers' Compensation Act limit the liability of the workers' compensation insurer to those claims prescribed under the statute for job-related injuries. Lowman v. Piedmont Executive Shirt Mfg. Co., 547 So.2d 90, 92 (Ala.1989). These exclusivity provisions, however, do not "shield an employer or its insurer from the entire field of tort law." Id. This Court has recognized that the intentional tort of outrageous conduct and the tort of intentional fraud are not barred by the exclusivity provisions of the Act and can exist in a workers' compensation setting. Id. at 95; Farley v. CNA Insurance Co., 576 So.2d 158, 159 (Ala.1991); Tittle v. Custard Ins. Adjusters, 590 So.2d 880, 881 (Ala.1991). Because Gibson's claims, other than those alleging intentional fraud and the tort of outrage, are barred by the exclusivity provisions of the Act, we affirm the summary judgment as to those claims."

Gibson, 623 So.2d at 1967 (footnote omitted).

With respect to the question of non-intentional torts, the similarities between Gibson and this case are compelling. For example:

- both are based on alleged improprieties that occurred in the course of the handling of the plaintiff's workers' compensation claim;

- the defendants in both cases are the entities responsible for handling the plaintiff's worker's compensation claim; and

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

- both cases contained claims for intentional conduct (e.g., outrage), and also non-intentional conduct (e.g., negligence and wantonness).

These significant and material similarities demonstrate the authority of the Gibson holding, in controlling the decision with respect to Count Three in the case at bar.

**The Court in Gibson held the exclusive remedy provision barred all of the claims based on non-intentional conduct (e.g., negligence and wantonness). The only claims not barred by the exclusive remedy statute were claims for intentional conduct (e.g., outrage).** Likewise, in the case at bar, the Plaintiff's claims for negligence and wantonness are barred, as a matter of law, by the exclusive remedy provision of the Alabama Workers' Compensation Act.

As stated above, Count Three of Plaintiff's Complaint contains nothing except claims for negligence and wantonness. Accordingly, Count Three is due to be dismissed in its entirety, with prejudice.

## AS TO COUNT FOUR

Count Four attempts to state claims against fictitious parties, and no one else. The general rule is that there is "no fictitious party practice in the courts of the United States." Saxton v. ACF Industries, Inc., 254 F.3d 959 (11th Cir 2001) (Alabama). See also, Clemons v. Wal-Mart Stores, Inc., Slip Copy, 2007 WL 2412908 (S.D.Ala. 2007) (footnote 3), which supplies the following authorities supporting the dismissal of counts alleging claims against fictitious parties: Rule 10(a), Fed.R.Civ.P. (caption of complaint "shall include the names of all the parties"); 28 U.S.C. § 1441(a); Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090, 1098-99 n. 14 (11th Cir.1992); Collins v. Fingerhut Companies, Inc., 117 F.Supp.2d 1283 n. 1 (S.D.Ala.2000) ("fictitious

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:   2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

party pleading is not generally recognized under the Federal Rules of Civil Procedure"); Weeks v. Benton, 649 F.Supp. 1297, 1298 (S.D.Ala.1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute."). Accordingly, Count Four fails to state a claim upon which relief can be granted, and is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendants designated in Plaintiff's complaint as Ryder Truck Rental, Inc, d/b/a Ryder Dedicated Logistics, Inc., a/k/a Ryder Integrated Logistics, Inc., and Martye Lloyd, respectfully request that summary judgment be entered in their favor dismissing with prejudice any and all claims against them in this matter, and taxing cost as paid and incurred.

Respectfully submitted,

/s/  William A. Austill
William A. Austill
Bar Number: AUS008
Attorney for Ryder Truck Rental, Inc, Ryder Integrated Logistics, Inc., and Martye Lloyd

OF COUNSEL:
Austill Lewis, P.C.
P.O. Box 11927
Birmingham, AL  35202-1927

*Sasser, Johnny W. Vs. Ryder Truck Rental, Inc. And Martye Lloyd, et al (outrage)*
Civil Action No.:  2:06-cv-593-CSC
Supplemental Submission in Support of Summary Judgment (as to Count Two)

## CERTIFICATE OF SERVICE

I hereby certify that, on the 1<u>st</u> day of <u>November</u>, 2007, I have served a copy of the above and foregoing on counsel for all parties by:

_____    Facsimile transmission;

_____    Hand delivery;

_____    Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to:

X_____    Using the Electronic Filing system which will send notification of such to the following:

Amy M. Shumate
519 South Oates Street
Dothan, AL  36301
  Attorney For: Johnny W. Sasser


/s/ William A. Austill
OF COUNSEL