IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY W. SASSER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO.: 2:06cv593-CSC |
| ) | |
| RYDER TRUCK RENTAL, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, Johnny Sasser, by and through his undersigned attorney and in response to the Defendant's Supplemental Brief in Support of Summary Judgement states as follows:

The Plaintiff strongly disagrees with the arguments for dismissal of his claim as stated by the Defendants. As to Counts One and Two the Plaintiff files with this Motion the deposition of defendant Martye Lloyd which was taken subsequent to the original submission of the Plaintiff's Response to the First Summary Judgment Motion.

It is important for this Court to note that in Ms. Lloyd's deposition that she specifically admitted that she was trying to cut Ryder's losses in Mr. Sasser's case. She specifically stated that when she took over the file her supervisors told her to "move the file along" and that she interpreted that to mean "settle it or get him off some of the medication. She testified as follows:

  Q. Because it was costing Ryder money to pay for all of that?

  A. Yes and because of addiction fears. . .

When confronted with Mr. Sasser stating she told him she was doing her job when she cut him off, she stated "I probably said I was just doing my job, yeah." (Deposition p. 96). She admitted that she attempted to cut him off, and that she only sent the case to peer reviews after he refused to settle future medicals. (Deposition p. 94). She specifically stated:

> Q. Isn't that why, however, you did the peer review, was to see how I can get this man off our payroll?
>
> **A. Yes.**

(Deposition p. 94, emphasis added).

She also stated that for the first few months that she was on the case that she would periodically ask him to settle his medicals and that each time he refused. (Deposition, p. 93-94). She admits that it was only after he refused to settle his future medicals that she started sending the case to peer reviews to answer the pressure from her superiors to move the file. (Deposition, p. 94).

Clearly this testimony directly from the Defendant Martye Lloyd is **compelling** and overwhelming evidence that it was her job at Ryder to save them money and to get his man off the payroll as quick as possible. When he refused to do it quickly through settlement of his future medicals, she went on about a course of action, a plan and scheme, to get him cut off. She admits so in her deposition that it was in response to her supervisor's push for her to get the case settled or to get him off some of that medication.

What is very interesting in her testimony is that she also admitted that she did not know that Judge Smithhart the Circuit Judge who had handled the Worker's Compensation settlement had issued an Order that the company was to continue to pay for all medicals that Dr. McGahan said was related. (Deposition, p. 77, 78). At the time she did not know about the Order, but

when she found out about it she said it would **not** have made any difference in her decisions. She would have taken those same steps despite the Court Order. (Deposition, p. 78).

Summary Judgment is not due to be granted on the issues of the tort of outrage or the respondeat superior counts based upon this testimony as buttressed also by the testimony of the Plaintiff. Dr. Marsella clearly indicates that as a treating physician he totally disagreed with the peer review doctors. The peer review doctor's were not even the correct doctor's under Alabama law and as such they should not have been utilized to suspend medical treatment.

As to the issue of negligent supervision, it is evidenced from Ms. Lloyd's deposition that it is not likely an issue of her supervisors neglecting her in her individual decisions, but in fact were a part of the plan and scheme from the beginning to save Ryder.

WHEREFORE THE PREMISES considered, the Plaintiff respectfully request that summary judgment in this case be denied.

Respectfully submitted,

_____
Amy M. Shumate (SHU015)
Attorney for the Plaintiff
519 South Oates Street
Dothan, Alabama 36301
(334) 673-0729

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this ___ day of November, 2007 to:

Conley W. Knott
Austill, Lewis & Simms, P.C.
P.O. Box 11927
Birmingham, Alabama 35202-1927
   Attorney For: Ryder Truck Rental, Inc.

William A. Austill
Austill, Lewis & Simms, P.C.
P.O. Box 11927
Birmingham, Alabama 35202-1927
    Attorney For: Ryder Truck Rental, Inc

_____
Amy M. Shumate